7-29-02

United States District Court
Southern District of Texas
FILED

AUG 26 2002

Michael N. Milby
Clerk of Court

CLERK
United States District Court
Southern District of Texas
Brownsville Division
100 Federal Building
500 East 10th Street
Brownsville, Tx

B-99-41

B-02-231

United States District Court
Southern District of Texas
FILED

DEC 17 2002

Michael N. Milby
Clerk of Court

RE: "Writ of Probable Cause"

Sir,
    Please find enclosed (2) two copies of
the Writ of Probable Cause. File one in
among the papers of this cause. Give
one to the attorney representing the
state. And bring this motion to the att-
ention of this Honorable Court.
    I thank you in advance for your kind
assistance in this matter

                              Sincerely
                              Javier Ybarra

IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS, BROWNSVILLE DIVISION

JAVIER YBARRA, petitioner

v                           CAUSE No.

THE STATE OF TEXAS, Appellee


PRABABLE CAUSE BRIEF FOR PETITIONER


TO THE HONORABLE JUDGE OF SAID COURT;

Comes Now, JAVIER YBARRA in the above
styled cause, respectfully submits this
his BRIEF of PRABABLE CAUSE.

Petitioner has filed this BRIEF in the
Court of Criminal Appeals in Austin on 5-
13-02 and was denied his brief without a
WRITTEN ORDER ON 6-19-02. The Court
of Appeals has ruled on this successive writ
in error by claiming that this is a copy
of the original 11.07 filed on an earlier

date in 1999.

Petitioner filed a motion in response to the Court of Criminal Appeals on 7-2-02 and has not recieved an answer. Petitioner points out tha Federal Codes and Rules of Criminal Procedure page 1302 § 2244 (2) A claim presented in a second or successive habeas corpus application under section §2254 that was not presented in a prior Application shall be dismissed unless —

(B) (i) the factual predicate for the claim could not have been discoved previously through the exercise of due diligence :

(3) (B) A motion in the court of Appeals for an order Authorizing the district court to concider a second or successive application shall be determined by a three-judge panel of the Courts of Appeals.

Petitioner now claims that his right to the DUE PROCESS was violated in that the Courts of Criminal Appeals denied his motion for Probable Cause Writ -

without a written order.

Petitioner now asks this Honorable Court to Address the merits of this his claim of Prabable Cause Writ, And grant Petitioner the previdedge of being heard on his merits of this brief.

Respectfully Submitted
Javier Ybarra

# 725207

5-4-02

ClERK
CouRt of
CRiminal Appeals
of TExas
Austin, Texas
78711-2308

RE: JAViER YBARRA , PetitioNER

VS

The State of TExas , Appellee

CAuse No.   96-CR-1454-C  — TRial
            13-97-107-CR    13th Appeal
            40,070-01       Appeals Court
            B-99-41         FedeRal Court
            NO. 00s40612    5th CiRcuit

"Application For WRit of Probable
        CAuse BRiEF

DEAR ClERk
    Enclosed is the oRiginal And one copy

of Petitioner's Application for Writ of Probable Cause Brief in the above-styled cause. Please file this and bring it to the attention of the court. Please serve a copy of this petition to the Attorney Representing the State as provided in the Texas Code of Criminal Procedure, Art 11.07

I thank you in Advance for your kind Assistance in this matter.

Javier Ybarra

Petitioner Pro-se

T.D.C.J.-ID

No. 775207

Ellis One Unit

Huntsville, Tx

77343

# List of Authorities                    1

CASES:                                                      PAGE

Honeycutt v State _____ 627 SW 2d 417 - 5

Sanchez v State _____ 32 SW3d 687 - 5,6,8

Cook v State _____ 824 SW2d 634 - 5

Oliver v State _____ 787 SW2d 170 - 6

Bennet v State _____ 311 SW2d 826 - 6

Chance v State _____ 565 SW2d 812 - 6

Green v State _____ 951 SW2d A1 4 - 7

Tobia v State _____ 884 SW2d 571 - 7

Struder v State _____ 799 SW2d 263 - 7

Mc Manus v State _____ 591 SW2d 505 - 7

Beck v State _____ 682 SW2d 550 - 7

Draper v State _____ 940 SW2d 824 - 7

Lawton v State _____ 913 SW2d 542 - 8

Arizona v Fulminante _____ 499 U.S. 279 - 9

U.S. v Arlen _____ 947 F.2d 139 - 11

In Matter of D.L, Jr. Juvenile _____ 656 SW2d 181 - 11

Martinez v State _____ 628 SW2d 265 - 11

Robles v State _____ 628 SW2d 267 - 12

Rocha v State _____ 648 8W2d 265 - 12

Robinson v State _____ 583 SW2d 371 - 12

Hutchins v State _____ 590 SW2d 710 - 12

Young v State _____ 605 SW2d 550 - 13

Colbert v State _____ 617 SW2d 685 - 13

Fella v State _____ 573 SW 2d 598-13
Beets v State _____ 767 SW 2d 711-14
Jackson v State _____ 898 SW 2d 263-14
Fisher v State _____ 887 SW 2d A755-14
Benson v State _____ 661 SW 2d A1715-14
Idrogo v State _____ 589 SW 2d 433-15
U.S.A v Leon _____ No. 81 - 1319 (5th)-15
Marlow v State _____ 730 SW 2d 845-15
Cumby v State _____ 578 SW 2d 732-15
Hernandez v State _____ 903 SW 2d 109-16
Boozer v State _____ 717 SW 2d 608-16
Strickland v Washington _____ 466 U.S 668-17
                                    104 S.Ct. 2052
                                 80 L.F Ed 2d 674
Page v U.S. _____ 300-17
Spriggs v Collins _____ 85-18


Statutes
Vernon's Ann Texas C.C.P _____ Art 27.08 (1)-5
Vernon's Ann Texas C.C.P _____ Art 21.01, 21.04-6
                                    21.11
Vernon's Ann Texas C.C.P. _____ Art. 1.14 - 6
Vernon's Ann Texas C.C.P _____ Art. 527 - 6
Vernon's Ann Texas C.C.P _____ Art 27.08(7)-7
Vernon's Ann Texas C.C.P _____ Art 21.02 (7)-8
                                    21.11

B

V. T. C. A   PENAL Code _____ 39.03 (A)(3)(c) - 8
V. T. C. A   PENAL Code _____ 2.01 - 8
VERNON'S ANN. TEXAS C.C. P _____ Art 38 .03 - 8
U.S.C. A  Const  Amend  14 _____ - 8
U.S. C. A  Const  Amend  5 _____ - 11
U. S. C. A  Const  Amend  6 _____ - 10
U. S. C. A  Const. Amend

NO. 96-CR-1454-C

IN THE COURT OF CRIMINAL APPEALS
OF THE STATE OF TEXAS

JAVIER YBARRA, Petitioner

V.S.

THE STATE OF TEXAS, APPELLEE

PROBABLE CAUSE BRIEF
FOR PETITIONER

TO THE HONORABLE JUDGE OF SAID COURT;

COME NOW, JAVIER YBARRA in the above
styled CAUSE, herein after REFERRED to
AS Petitioner, AND RESpectfully submits
this his brief specifying ERRORS of DUE PRO-
CESS, UN.CONSTITUTIONAL VIOLATIONS of which
Petitioner complains on this Brief to
ASK PERMISSION to Appeal his CAUSE on
A PROBABLE CAUSE BRIEF WRit of HABEAS
Corpus. Petitioner will set out EVERY
ground that WAS NOT REVIEWED on the first

WRIT of habens corpus and will show cause for the omissions

## Nature of the Cause

On February 14, 1997, Petitioner was found guilty by a jury of the offense of (4) FOUR COUNTS OF ATTEMTED CAPITAL MURDER IN Cause NO, 96-CR-1454-C IN the 197th Judicial District Court of CAMERON County, Texas. Punishment was assessed by the jury at confinement in the Texas Department of Corrections - Institutional Division for a teem of <u>Life</u>

## I

Petitioner has dutifully adhered to the Rules and Guidelines pertaining to the Anti-Terrorist Effective Death Penalty Acts time limit to file an appeal. Due to the fact that Petitioner did not have a Copy of the trial records and Petitioner having dutifully but unsuccessfully tried to obtain a copy of said records. Petitioner submits Exhibit "A" a copy of his motion

to acquire the trial records that was denied.

Federal Rules of Criminal Procedure §2250, Indigent petitioner entitled to documents without cost. If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

Petitioner in his determination for justice recieved a copy of the "Jury Charge" exhibit B and hand numbered 1 thru 11 on 11-6-01. Petitioner discovered several constitutional errors requiring reversal that were not included in the original 11.07 writ of Habeas Corpus. Had Petitioner been afforded a copy of the trial records, said errors would have been included in Petitioner's writ. Petitioner thus was forced to submit his appeal

before all errors could be addressed and filed an "Unripe Appeal" to stay within the AEDPA time limit.

Petitioner now sets forth the Probable Causes with credible facts to support every reversable error discovered in the Jury Charge and Defective Indictment.

## II

Petitioner points of error are as follows;

1. Omission of Culpable Mental States of Intentionally and Knowingly in the Grand Jury Indictment.

2. Error in Jury Charge - Instructions of Inclusion of the Culpable Mental States of Intentionally and Knowingly.

3. Error in Jury Charge - Instructions in Omission of one count of Intent to commit Capital Murder in Indictment.

4. Ineffective Assistance of Counsel at

tRiAl ANd direct Appeal.

## III

POiNt of ERROR NumbER ONE.

The GRANd Jury INdictmeNt is defective
becAuse of the ommission of the CulpAble
MeNtal States of INtentioNally ANd KNowingly
iN the INdictment, Honeycutt V State 627
SW2d 417, (1981), where culpAble meNtal
states is elemeNt of offeNse, fAiluRE to
Alleqe such elemeNt RENders iNdictmeNt oR
other chARqiNq iNstRumeNt fundameNtAlly
defective. SANchez V State 32 SW3D 687
(10-20-2000), fAiluRE to Alleqe AN elemeNt
of the offeNse iN the iNdictmeNt is A de-
fect of substANce. VERNON'S ANN. TEXAS
C.C.P. Art 27.08(1), culpAble meNtAl
states of KNowiNgly oR iNteNtioNAlly must
be Applied to both CoNduct ANd Results of
CoNduct to Justify coNviction foR muR-
deR, AbstRAct defiNitioNs of CulpAble
MeNtal states should Not be limited to Results
AlONE. Cook V State 824 sw2d 634 (App
5th Dist 1992), IN qeNeRAl, ANy elemeNt

of the offense that must be proved should be stated in an indictment, including a culpable mental state. VERNON'S ANN TEXAS C.C.P. Arts 21.01, 21.04, 21.11, OLIVER v STATE, 787 SW2d 170 (TEX. App - BEAMONT 1990) Indictment's alleged failure to allege any culpable mental state for offenses charged was jurisdictional defect that could be raised at anytime since culpable mental state was essential element of offense, VERNON'S ANN. TEXAS C.C.P. Art 1.14. Tex Crim. App 1958. Where a statute denouncing an offense requires that the act be "knowingly" done Indictment should also contain such allegation(s) VERNON'S ANN. TEX C.C.P. Art 527. BENNET v STATE 511 SW2d 826 (TEX. CRIM 1974), SANCHEZ v STATE 32 SW3d 687 (10-20-2000) Whether an element of the offense may be inferred from the language employed is not a question. In face of a proper motion to quash, the information [or indictment] must state the elements of the offense, leaving nothing to inference or intended. SEE E.G. CHANCE v STATE, 563 SW2d 812, 814-815 (TEX. CRIM. App 1978)

GREEN v STATE 951 SW2d At 4, the fail-
ure to allege AN element of the offense
in the indictment is a defect of substance.
See Tex. Code Crim. Proc. Ann. Art 27.08(1)
(Vernon 1989), Tobias v State, 884 SW2d
571, 578 (Tex. App. Fort Woeth 1994,
pet. Ref.d) citing Steuder v State, 799
SW2d 263, 268 (Tex. Crim. App. 1890),,
In Regard to Charging Instruments, fund-
amental protection of Adequate notice And
due process require careful examination
And consideration from the perspective
of the accused. See McManus v State
591 SW2d 505, 515 (Tex. Crim. App. 1979)
It is not sufficient to say that a defend-
ant knew with what offense he is charged
The inquiry must be whether the Charging
Instrument in writing furnished that
information in plain and intelligible
language. See Beck v State, 682 SW2d
550, 554 (Tex. Crim. App 1985). The nat-
ure of the accusation against the defen-
dant must come from the face of the
Charging Instrument, See Draper v
State, 940 SW2d 824, 826 (Tex. App.
Austin 1997 No pet.) (citing Tex. Code

Crim. Proc. Ann Arts 21.02 (7) 21.11 ( Ver-
non 1989) Sanchez v State 32 SW3d 687
(10-20-2000) Independant of any harmless
error analysis, we are confronted with
a situation where the conviction cannot
stand. The indictment did not charge
Appellant with all the elements of the off-
ense under section 39.03 (A) (3), (C) as
construed by the Court of Criminal
Appeals. The jury convicted Appellant
only of the conduct alleged in the indict-
ment, A conviction can never rest upon
conduct which is not a criminal offense,
or in whole or in part upon conduct not
alleged in the indictment. See Lawton
v State 913 SW2d 542, 551 (Tex. Crim.
App 1995). It is a fundamental rule of
Criminal Law and Due Process that one
cannot be convicted of a crime unless
it be shown beyond a reasonable doubt
that the defendant committed EACH
ELEMENT of the alleged offense. U.S.
C.A. CONST. AMEND 14, V.T.C.A. Penal
Code 2:01, Vernon Ann. Texas C.C, P
Art. 38.03. The Constitutional Depriva-
tion, both federal and state, in the

INSTANT CASE IS A defect Affecting the frame-
work within which the trial proceded Ra-
ther than simply AN ERROR in the trial
process itself. See ARIZONA v Fulmin-
Ante, 499 U.S. 279, 310, 111 S.Ct 1246, 113
L. Ed 2d 302 (1991)

     The State failed to prove that Petition-
er Knowingly And Intentionally with the
specific intent to commit A crime when
petitioner went to the Residence of the
witnesses. Testimony of the Witnesses
stating that Petitioner went to see his
son and that upon leaving, Ruben Garcia
provoked Petitioner into A physical con-
frontation. Petitioner's only Reason for
the handgun was for protection. Due to
the fact that witness Ruben Garcia had
made prior threats of bodily harm.
State's allegation of premeditation Are
unfounded because the voice on the tape
Recording was Never Analysed as being
of the Petitioner, And upon the clos-
ing Arguments, the state prosecutor
stated that the court would Never
know what the Petitioner was think-
ing or what was going through his mind

when Petitioner used the handgun on
the witnesses.

Because the indictment failed to allege
the culpable mental states of "Intention-
ally and Knowingly" Petitioner's constitu-
tional Right of the 6th Amendment has
been violated. Court Appointed Attorney
Chester Gonzales' failure to address
this issue prior to the trial resulted in this
violation. Chester Gonzales' forgery of
Petitioner's signature on the motion to
waive petitioner's right to testify and
refute the accusations deprived the
jury of the true accounts that transpired
at the scene of the crime, even though
the jury was instructed not to "refer
or allude to that fact through their de-
liberations or conciderations for any
purpose as a circumstance against the
Defendant" page 6 paragraph 11

IV

Point of Error Number Two;

The Trial Court erred in the Inclusion

of Culpable mental states of Intentionally and knowingly in the Jury Charge - Instructions to the jury.

The culpable mental states of intentionally and knowingly are submitted to the jury in the Court's Charge page 1, 2 and 3. A brief definition is made on page 2 paragraph 4. These culpable mental states are not in the indictment submitted by the Grand Jury.

C.A. 5 (Tex 1991) Fifth Amendment guarantees that criminal defendant will be tried only on charges alleged in the Grand Jury Indictment, which cannot be Broaden or Altered except by the Grand Jury. U.S Const. Amend 5, U.S. V ARLEN 947 Fed 139, In Matter of D.L. Jr, Juvenile (Matter of D.L. Jr) 656 SW2d 181 (Tex. Crim. App. 4th Dist. 1983), Jury charge theory of Culpable Mental states not alleged in the State's Petition, Reversed and remanded., Martinez v State 628 SW2d 265 (Tex App. 1982) where charge authorizes conviction on a theory not alleged in the indictment. Fundamental error has been committed requiring reversal

11.

EVEN though NO OBJECTION TO THE CHARGE
IS MADE AT TRIAL. SEE Robles v State
628 SW 267. Both cases Reversed And
REMANDED, Rocha v State, 648 SW2d 265
(TEX. App. 1982) it is fundamental ERROR
for A trial court to AUTHORIZE A conviction
ION ON A theory Not Alleged in the Charging
Instrument - Indictment. Robinson v State
553 SW2d 371 (TEX. Crim. App. 1977) A
jury which AUTHORIZES conviction on the
finding of A culpable mental state Not Alleged
in the charging Instrument - indictment is
fundamentally defective. Hutchins v State
590 SW2d 710 (TEX. Crim. App. 1979) Though
the APPELLANT was charged with the primary
offense of Attempted murder, NEVER the less,
the trial court instructed the jury on the
lessor included offense of Aggravated Ass-
Ault. This it was permitted to do. However,
it was not permitted to instruct the Jury
that A conviction was authorized on the
finding of A culpable mental state Not All-
eged in the indictment. Hutchins 1. D
Recklessly was A culpable mental state Not
Alleged in the indictment - Charging Instru-
ment. When the trial court placed the

12

Application paragraph of the non-Alleged culpable mental state of recklessly - it committed Fundamental and Reversable Error. See also <u>Young v State</u> 605 sw 2d 550 (Tex. Crim. App. 1980) <u>Colbert v State</u>, 617 sw2d 695 (Tex. Crim. App 1981) and <u>Bello v State</u>, 573 sw2d 548 (Tex. Crim. App. 1978)

The inclusion of the Culpable Mental States of Intentionally and Knowingly violated Petitioner's constitutional right of the 5th Amendment. This is contrary to Federal and State rules of criminal procedure. Trial counsel's failure to address this issue prior to the trial resulted in ineffective assistance of counsel.

## V

Point of Error Number Three.

Error in Jury Charge - Instructions in Ommission of One Count of Intent of Capital Murder in Indictment.

The Indictment Alleges four (4) counts of intent to commit Capita Murder. The

Court's Charge to the Jury only instructs
on three (3) counts. The omission of cou-
nt four - Guadalupe Garcia is omitted in
the jury instruction. It is not present on
any page of the jury charge. Yet Petitioner
was found guilty and convicted on all four
counts of intent to commit Capital Murder.
See jury verdict page (11) eleven of Court's
Charge to the jury, signed by the presiding
juror and dated 2-12-1997 by the court
clerk.

Beets v State. 767 SW2d 711 (Tex. Crim.
App. 1987). Fundamentally defective charg-
ing instrument, which fails to state an off-
ense against the accused, may be attacked
for the first time on appeal or even after
conviction becomes final (Per. Teague J.
with four Judges concurring seperately
and one Judge concurring in result).
Jackson v State 898 SW2d 263 ( Tex. Crim.
App. 1995) while the Indictment is di-
rected to the defendant for notice and
Jurisdiction requirements, it is the
Charge that Convicts. Fisher v State
887 SW2d at 55, quoting Benson v State
661 SW2d at 715, Vernon's Texas Code

14.

of CRIMINAL PROCEDURE Art. 36.(4)-19.
THERE CAM bE NO lawful CONVICTION for AN
offENSE that WAS Not submitted in the
jury charge At All. Idrogo v State 589
SW2d 433 (TEx. Crim. App. 1979) U.S.A
V LEON, NO 81-1319 (5th)(Fifth Circuit, 7-
2-82) FAILURE to charge jury As to count
CONTAINED IN INDICTMENT; At trial the court
failed to charge the jury as to ONE of the
COUNTS in the indictment. "A judge must
INSTRUCT the jury ON All Aspects of A CASE
IN ORDER for them to REACH A fAIR ANd
PROPER VERDICT. WHEN the judge omits
A COUNT, As hERE, wE simply CANNOT KNow
the basis for the jury's dECISION" The
Court of Appeals REVERSED ANd REMANDED
for A NEW trial ON that particular count.
MARlow v State 730 SW2d 845 (TEx. App-
FORt WORth 1987) THERE may bE four
types of fundAmental ERROR
in the Jury Charge; 1) Omission of
ESSENTIAL AllegATION; 2.) substituted
theory of offENSES; 3) A Charge which
ENlARgES ON the indictment; AND 4.)
CONVICTION AuthoRIZED for conduct Not
AN offENSE. SEE Cumby v State 578

15.

SW2d 732, 733-34 (Tex. Crim. App 1987)
Hernandez v State 903 SW2d 109 (Tex App - Fort Worth 1995) If evidence does not conform to jury charge instructions given, it is insufficient as a matter of law to support only verdict of guilty that was authorized. Because a verdict of "Guilty" necessarly mean that the jury found evidence of the offense on which it was authorized to convict, the suff. iciency of the evidence is measured by the charge that was given. It follows that if evidence does not conform to the instruction given, it is insufficient as a matter of law to support the only verdict of "Guilty" that was authorized. Boozer v State 717 SW2d 608, 610-11 (Tex. Crim. App. 1984).

Court Appointed Attorney Chester Gonzales' failure to address this issue in Petitioner's trial and direct appeal resulted in a miscarriage of justice, ineffective assistance of counsel and violation of the 5th Amendment. Guadalupe's Garcia own testimony that Petitioner—Defendant had the oppertunity to harm said witness but did not do so because Petitioner had no

16.

intentions of harming said witness.

## VI

Ground Number 4.

Ineffective Assistance of Counsel.

In <u>Strickland v Washington</u> 466 U.S. 668 104 S.Ct. 2052, 2058, 80 L.F. Ed 2d 674 (1984), Petitioner has the burden of meeting the (2) two prong test of ineffective assistance of counsel: 1.) that the Attorney's ineffective assistance of counsel resulted in a miscarraige of justice and 2) that had not for attorney's ineffective assistance of counsel that the outcome of the trial would have been different. Petitioner has demonstrated that the Attorney's failure to address the jury charge, Petitioner would have been tried on three counts only and not four. Counsel's forgery of Petitioner's motion to waive petitioner's right to testify and refute the testimony of the witnesses prejudice the jury. <u>Page v U.S.</u> 884 F2d

300, One of the principal functions of Appellate counsel is winnowing the potential claims so that the court may focus on those with best prospects, Defendants need dedicated, skillfull Appellate counsel, not routineers who present every non-frivolous claims ("Recall the saw, "He needed a lawyer and all he had was a member of the bar") Sprigg v Collins 993 F2d 85 (5th Cir 1993) page 90 from foot note # 8 - " We regret the District Court's reasoning that Sprigg's failure to object to the P.S.I. (Pre-Sentence Investigation) some how negates this particular claim. It is axiomatic in our system that when a criminal Defendant is represented by counsel, the Defendant is not expected to serve in the capacity of co-counsel. Chester Gonzales committed a crime when he forged Petitioner's signature on the waiver not to testify motion and failed to follow the rules and oath that all attorneys are to follow by assisting a defendant at a trial.

Petitioner now would address His claim of the Deprivation of His Constitution- al Right to the Equal Protection of the Laws.

Petitioner has been discriminated Against in that He was not treated with the Equal Protection of the Laws in that he did not recieve a full, fair and im- partial hearing from the trial court.

## Conclusion

Petitioner would move this Honorable Court to address the merits of His claim of being violated of His 5th, 6th and 14th Amendment Rights of the United States Constitution and make finding of facts and conclusion of Law. And allow Petitioner the previledge of being heard And adjudicated upon this Honorable Court And grant Petitioner a new trial, vacate sentence or Reverse and remand.

# PRAYER

Petitioner now prays that this Honorable Court grant him a new trial, vacate sentense or reverse and remand. Because of the Constitutional Infirmities Petitioner has suffered by way of his many constitutional rights being violated.

Petitioner would ask the court to correct and amend any errors that may appear in the petition. As he is a layman, unskilled, and unlettered in the Application of the law. Pursuant to the Provisions to U.S.C. Title 28, Section 16.51 of the <u>All Writs Act</u>

Respectfully Submitted

Javier Ybarra
#725707
Ellis One Unit
Huntsville, Tx
77343

20.

## <u>Unsworn Declaration</u>

Under both Federal (28 U.S.C. 1746) and State Law (V.T.C.A. 132.001-132.003) Inmate incarcerated in Texas may use an Unswore Declaration under penalty of Perjury in Place of a written declaration, verification, certification, oath or affidavit.

    I, Javier Ybarra being presently incarcerated at the Ellis One Unit in Walker County Huntsville, Texas, declare under penalty of Perjury that the foregoing is True and Correct, Executed Before me on this <u>4</u> day of May 2002

Javier Ybarra

    I, Javier Ybarra, Petitioner, In the foregoing Post Conviction Petition for Writ of Probable Cause Brief, upon my oath do verify and state that I am unable to pay the costs incident to these Proceedings, nor give security thereof.

Javier Ybarra

21.