UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 7 2003

Michael N. Milby
Clerk of Court

JAVIER YBARRA
PETITIONER

§
§
§
V.  § B-02-231
§
§
THE STATE OF TEXAS §
APPELLEE

Motion TO COURT TO ANSWER BRIEF

To The Honorable Judge of Said Court;

COMES NOW, JAVIER YBARRA in the above styled cause, hereinafter referred to as Petitioner, and respectfully submits this motion to have this Honorable Court answer Petitioner's brief filed on August 26, 2002 Pro-Se.

1.

# I.

Petitioner has been in the custody of the Texas Department of Criminal Justice - Institutional Division after being judged guilty by a jury of (4) Four Counts of Attempted Capitol Murder on February 14, 1997 and sentenced to a term of <u>Life</u>

# II.

Petitioner has filed his <u>§11.07 Habeas Corpus Brief</u> on 11-7-98 cause number 96-CR-1454-C, <u>§2254 Petition for Writ of Habeas Corpus (State)</u> on 2-26-99 cause number B-99-041 and Certificate of Appealability on 2-2-01 cause number 00-40612. All motion were denied.

# III

Petitioner has filed a successive/second writ in compliance with Habeas Corpus Rule §2254 (2)(A)(ii)(B) on 5-4-02 "Writ of Probable Cause" to the Court of Criminal Appeals in Austin. Petition denied 6-19-02

2.

## IV

Petitioner has submitted this same successive/second writ to this Honorable Court on 7-29-02 and filed on 8-26-02 under cause number B-99-041. On 1-9-03 Petitioner was informed that the brief had been filed as a new case - number B-02-231.

Petitioner now asks this Honorable Judge of this Court to answer Petitioner's brief pursuant to Federal Rules and Codes of Criminal Procedure § 2266 (A), (b)(1)(A), (B), (C)(i)(iii) and (2), (1)(A)(B); Limiting periods for determining applications and motions.

(A) The adjudication of any application under section § 2254 that is subject to this chapter, and the adjudication of any motion under section § 2255 by a person under sentence, shall be given priority by the district court and by the court of appeals over all non-capitol matters.

(b)(1)(A) A district court shall render a final determination and enter a final judgment on any application for a writ of habeas corpus brought under this chapter in a capitol case not later than 180 days after the date on which the application is filed.

(B) A district court shall afford the parties at least 120 days in which to complete all actions, including the preparation of all pleadings and briefs, and if necessary a hearing prior to the submission of the case for decision.

(C)(i) A district court may delay for not more than one additional 30-day period beyond the period specified in sub-paragraph (A), the rendering of a determination of an application for a writ of habeas corpus if the court issues a written order making a finding, and stating the reasons for the finding, that the ends of justice that would be served by allowing the delay outweigh the best interest of the public and application in a speedy disposition of this application.

(iii) No delay in disposition shall be permissible because of general congestion of the court's calender.

(2) The time limitations under paragraph (1) shall apply to;

(A) an initial application for a writ of habeas corpus;

(B) any second or successive application for a writ of habeas corpus.

Petitioner now points out that the 180 days have passed since brief was first filed. A total of 222 days have elapsed as of this date 4-3-03. To include the additional 30-day period beyond the 180 days.

Petitioner now moves to have the Judge of this Honorable Court render a summary judgment on behalf of Petitioner based on the legitimate and factual issues presented in Petitioners "Writ of Probable Cause" brief.

5.

Respectfully Submitted
JAVIER YBARRA #775707

*/s/ Javier Ybarra*

Ferguson Unit
12120 Savage Route
Midway, Texas
75852