UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 3 2003

Michael N. Milby
Clerk of Court

JAVIER YBARRA,                          §
Petitioner                              §
                                        §
                                        §
          V                             § Civil Action B-02-231
                                        §
                                        §
JANIE COCKRELL, DIRECTOR                §
TEXAS DEPARTMENT OF                     §
CRIMINAL JUSTICE,                       §
INSTITUTIONAL DIVISION,                 §
Respondent                              §


MOTION TO DENY EMERGENCY
EXTENTION OF TIME TO
ANSWER BY RESPONENT


TO THE HONORABLE JUDGE OF THIS COURT

Now Comes, JAVIER YBARRA, Petitioner

1.

herein, and files this his motion to deny an Emergency Extention of Time To Answer by Respondent Janie Cockrell. And would show further onto this Honorable Court as follows;

# I

Petitioner has dutifully kept within the time limits set by the Federal Criminal Codes and Rules A.E.D.P.A. These rules that govern all Federal Courts' time limits for Appellants/Petitioners and Respondents as well, pursuant to 28 U.S.C § 2266 (A), (b), (1)(A)(B), (C)(i)(iii) and (2), (1)(A)(B);

Petitioner would show that this Court has erred in granting an Order for emergency extention of time for <u>40</u> days in direct violation of 28 U.S.C §2266 (C)(i). It clearly states " A district court may delay for not <u>more</u> than <u>one</u> additional <u>30</u> day period beyond the period specified in subparagraph (A) — " A district court shall render a final determination and enter

2

a final judgment on any application for writ of habeas corpus brought under this chapter in a Capitol case not <u>later</u> than <u>180 days</u> after the date on which the application is <u>filed</u>." - the rendering of a determination of an application for a writ of habeas corpus if the court issues a written order making a finding, that the ends of justice that would be served by allowing the delay outweigh the best interest of the public and Application in a speedy disposition of this application.

Petitioner points out in this motion the error by this court in granting Respondent's motion that Petitioner's brief was filed on August 26, 2002. The time limit begins on this date. Petitioner was then notified that a new case number was assigned to his brief on or about January 8, 2003.

On April 4, 2003, Petitioner seeing that no answer had been made to brief, Filed a Motion to Court to Answer Brief stating that 222 had elapsed without an answer to Petitioner's brief.

This court in responce to that motion

issued an order on May 6, 2003 for the Government to Respond to the motion on or before June 13th 2003, technically the first and only extention of time allowed by the Federal Rules, in excess of prescribed time limits that brought the time period/days to 290 days, 80 days more not authorized by Federal Rules and Codes. On June 17th a second extention of time was again issued allowing for an additional 40 days to July 23, 2003. 10 days more allowed for the one and only 30 day extention. That now will be 330 day, 120 days past and beyond that allowed by law.

Petitioner would show that a copy of said brief as well as all motions submitted/filed by Petitioner have always been available to the State and Respondent through the Clerk of this Court. Petitioner has always included a cover sheet advicing Clerk to give a copy of Petitioner's brief and motions to the Attorney representing the State. Thus giving the Respondent a means with which to have had answered Petitioner's brief by this day present.

4.

Petitioner would show that he is being discriminated, made to suffer and be unduly harrassed by these delays for extention of time for the Respondent by this court.

Petitioner further points out that Petitioner's motion for a copy of the Transcripts and Statements of fact has gone unanswered even though Petitioner submitted/filed this motion on 6-6-03. This clearly shows that Petitioner is being discriminated and denied an equal voice in these proceedings. Whereas the motion submitted/filed by Respondent has been immediately answered and an order issued. Petitioner asks this court to answer that motion in regards to the request made pertaining to a copy of the transcripts and statements of facts.

## Conclusion

Petitioner would ask that the Honorable Judge of this Court REVERSE said Order For Emergency Extention of Time for

Respondent. That the Honorable Judge of this Court make a ruling Granting Petitioner a New Trial or deny Petitioner's brief of Probable Cause without further delay. Petitioner would ask that the merits of this motion be honored and an Order be issued to reflect compliance with the Federal Criminal Codes and Rules pursuant to 28 U.S.C § 2266 (c)(i). In this motion.

PRAYER

Petitioner now prays that the Honorable Judge of this Court grant him this his motion to Deny Emergency Extention of Time To Answer by Respondent. Janie Cockrell and reverse the Order issued on June 17, 2003.

Respectfully Submitted
Javier Ybarra #725707
[signature]

## Certificate of Service

I, JAVIER YBARRA, Petitioner, do hereby certify that a true and correct copy of the above and foregoing Motion To Deny Emergency Extention of Time To Answer by Respondent Janie Cockrell with brief in support has been served to the Attorney representing the State by placing same in the United States mail, postage prepaid, on this the 20th day of June, 2003, addressed to:

Assistant Attorney General
Ellen Stewart-Klein
P.O. Box 12548,
Capitol Station
Austin, Texas 78711

JAVIER YBARRA
#775707

2.