19

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JAVIER YBARRA, | § | |
| Petitioner | § | |
| | § | |
| | § | |
| v. | § | Civil Action B-02-231 |
| | § | |
| JANIE COCKRELL, DIRECTOR, | § | |
| TEXAS DEPARTMENT | § | |
| CRIMINAL JUSTICE, | § | |
| INSTITUTIONAL DIVISION | § | |
| Respondent, | § | |

United States District Court
Southern District of Texas
FILED

JUL 3 0 2003

Michael N. Milby
Clerk of Court

ANSWER TO RESPONDENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

TO THE HONORABLE JUDGE OF THIS COURT;

NOW COMES, JAVIER YBARRA Petitioner in the above styled and numbered cause, and files this his Motion in Answer to Respondent's

1

Motion to Dismiss for Lack of Jurisdiction, and would show this Court the following;

## I

Petitioner Javier Ybarra contends and re-asserts that he was illegally convicted by way of the Defective Indictment and Jury Charge as stated in his Probable Cause Brief for Petitioner. As for Respondent's denial of every allegation of fact made by Petitioner, all are true and are supported by facts from parts of the Trial Record — Jury Charge and Indictment. Furthermore the Respondent has failed to address and ignored the fact that Petitioner's right to testify were violated by Court appointed attorney Chester Gonzales (see statement on Brief page 10.) where Petitioner alleges that Chester Gonzales forged Petitioner's signature on waiver not to testify at the trial.

## II

Petitioner argues that he is held unlawfully in State Custody because of the illegal

2

sentence given to him on 2-14-97, Cause No. 96-CR-1454-C due to the defective Indictment and Jury Charge and including all of the errors and violations alleged in Petitioner's §11.07 Habeas Corpus Writ. Petitioner alleges that Trial Attorney Chester Gonzales filed a frivolous direct appeal. Petitioner did not file a Petition for Discretionary Review because he had no knowledge or expertise to construct such a petition. Petitioner did make an attempt to file one (see Exhibit A) on 1-29-98. But because Petitioner has never studied law or attend classes to be an attorney or para-legal he was unable to perfect and submit a P.D.R. on time. Petitioner's education extends to the 8th grade for a total of eight (8) years of completed schooling.

### III

Respondent's Exhibit A (T.D.C.J-ID Commitment Inquiry sheet contain these inaccurate esses – "Penal: 015:010 and Plea: G  The Penal codes used to convict Petitioner are 15.01(A) and 19.03(A)(7)(A) as alleged in States Appellate Brief (see Exhibit B). Petitioner's plea at arraignment was enter

as Not Guilty by Court Appointed Counselor Chester Gonzales. Petitioner Maximum Term is Life, with a possibility for parole in Thirty (30) years. But Petitioner is serving two (2) sentences Life and 99 (see Exhibit C). It states that Petitioner is eligible for parole between (5) five to Ninety-Nine (99) years, paragraph five (5) of Judgment of Conviction.

## IV

Respondent's contention that Petitioner's brief was dismissed with prejudice is false. The Order filed on 4-18-2000 (see Exhibit D) by United States District Judge Filemon B. Vela has no wording of being dismissed with prejudice. Respondent has not made actual gathering or investigating the motions filed with this cause and has based her facts on the assumption of what she believes to be true

## V

Petitioner has followed the guidelines in asking permission to appeal his conviction by

4.

first submitting his petition to the Court of Criminal Appeals in Austin filed on 5-13-02 and Denied on 6-19-02 without a written order. Petitioner ~~filed~~ then filed a motion to Court's denial of his breif on 7-2-02, Writ No. 40-070-02 "Petitioner's Response To Court's Denial of Writ of Probable Cause Motion." Petitioner was of the understanding that the Court of Criminal Appeals was the appropriate court to file his brief prior to submitting it to the Federal District Court. The Court of Criminal Appeals should have responded and informed Petitioner of his mistake in filing his brief with their court, instructed him or directed him to the proper court or should have transferred the brief itself as pursuant to § 28 U.S.C. § 2254 rules and guidelines to the 5th Circuit Court of Appeals. Because Petitioner believed he had submitted his brief to the appropiate court and in fact was not the right one, should not be dismissed but instead allow Petitioner to submit his brief to the 5th Circuit or have this cause transferred to the 5th Circuit as per AEDPA rules and as requested by Respondent.

## VI

Petitioner re-asserts his request for the Trial Records to perfect and accurately quote any and all future responses by the Respondent. Petitioner's right as a Pro-se Petitioner is being violated by denial of access to the Trial Records. Petitioner request that the document/waiver signed by Trial Attorney be produce as a matter of law. Petitioner request a review by the Judge of this Court of said waiver to refute Respondent's denial and prove Petitioner allegation: Petitioner is entitled to a free copy pursuant to § 22-50 Rule 53 (J)(2) and § 2254 Rule 53 (F) Petitioner requires the Trial Records to perfect an accurate and true appeal motion. Furthermore, Petitioner points out that not all of his allegations of errors in his 11.07 habeas corpus were address. Thus entitling Petitioner to said records.

## VII

Petitioner moves this Court for Leave to Amend Brief to include the allegation of

Violation of his 6th Amendment - Right to testify on his own behalf. Due to the fact of Trial Attorney Chester Gonzales forging Petitioners signature on a waiver not to testify at trial.

## Conclusion

Petitioner now moves this Honorable Court to Rule on his brief if it has jurisdiction and if not to transfer this cause to the 5th Circuit Court of Appeal in compliance with Rule § 2244 (B)(i)(3)(B), (c)

Respectfully Submitted
Javier Ybarra

*[signature]*
# 775207